AMERICAN SAMOA GOVERNMENT, Appellant

v.

LARRY HIRATA, Appellee

AMERICAN SAMOA GOVERNMENT, Appellant

v.

SILAUE TAUSAGA, Appellee

AMERICAN SAMOA GOVERNMENT, Appellant

v.

SOANE MANUHA'APAI, Appellee

High Court of American Samoa
Appellate Division

AP No. 4-89
AP No. 10-89
AP No. 13-89

July 28, 1989

Before KRUSE, Chief Justice, CANBY,* Acting Associate Justice, THOMPSON,** Acting Associate Justice, VAIVAO, Associate Judge, and AFUOLA, Associate Judge.

Counsel: For Appellant, Jerry Williams, Assistant Attorney General
 For Appellees, Charles V. Ala'ilima

Per Kruse, C.J.:

In these separate matters, the government appeals the District Court Judge's dismissal of certain criminal charges filed against the appellees/defendants. The District Court Judge ruled at the conclusion of each of the preliminary examinations that the evidence presented by the government was not sufficient to establish probable cause. The government relies on the provisions of A.S.C.A. § 46.2405 to establish its right to appeal.[1] This enactment provides in pertinent part:

> (a) In a criminal case, the government may appeal in the following instances:

> (1) from a[n] . . . . order . . . . dismissing the information, complaint or other accusation, or any count thereof, where the decision is based upon the . . . . construction of the statute upon which the prosecution is founded.

As we understand the government's argument, it rests on the following propositions: the government presented a certain amount of

---

* Honorable William C. Canby, Jr., Judge, United States Court of Appeals for the Ninth Circuit, serving by designation of the Secretary of the Interior.

** Honorable David R. Thompson, Judge, United States Court of Appeals for the Ninth Circuit, serving by designation of the Secretary of the Interior.

[1] In its brief the government also cited a federal statute, 18 U.S.C. § 3731, as further authority for its right to appeal. However, at oral argument counsel wisely abandoned this contention.

evidence; that amount of evidence was sufficient for any "reasonable" person to find probable cause; accordingly, in concluding otherwise, the District Court must have misconstrued the pertinent enactments. This is speculation on the part of counsel. The government has nowhere directed us to any statement or ruling of the District Court which would indicate how that court construed --- or misconstrued --- the statutes involved. Rather, we are only told that the Court dismissed each of the complaints based on a finding of insufficient evidence. We are unable, from the mere fact of dismissal, to assume automatically that that dismissal necessarily resulted from the misconstruction of a statute rather than the insufficiency of the evidence.

The ruling the government seeks would mean that each time the District Court Judge found the evidence presented in a preliminary examination to be insufficient to bind a defendant over for trial, the government could assert that the statute had been misconstrued and appeal. If this were what the Fono indeed intended to do, it could have done so explicitly. In our view, appeals are open to the government only in the more limited instances where the asserted misconstruction rests on something more than inference.

The appeals are dismissed.

